IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARMANDO ESCAMILLA, IRMA
ESCAMILLA, AND ISELA ESCAMILLA,

    Plaintiffs,

v.                                                No.

JAVIER VERA AND C & G
TRANSPORT, INC., D/B/A "C & G
TRANSPORT,"

    Defendants.

## NOTICE OF REMOVAL OF STATE COURT ACTION
## PURSUANT TO 28 U.S.C.S. §§ 1332 AND 1441 ON THE BASIS OF DIVERSITY

Defendants Javier Vera and C & G Transport, Inc., d/b/a/ "C & G Transport," ("Defendants") remove this action from the Third Judicial District Court, County of Dona Ana, New Mexico pursuant to 28 U.S.C.S §§ 1332 and 1441 on the basis of diversity. As grounds for the relief requested herein, states as follows:

## PROCEDURAL HISTORY

1. Plaintiffs initiated this action on May 4, 2022, by filing their Original Petition for Armando Escamilla, Irma Isela Escamilla, and Isela Escamilla in the State of New Mexico Third Judicial District Court against Javier Vera and C&G Transport, Inc., d/b/a "C&G Transport" Defendants ("Petition"). *See* Exhibit A: Petition.

2. Defendants, through their counsel, accepted service of Plaintiffs' Petition on July 12, 2022.

3. Defendants' Answer to Plaintiffs' Petition is due August 11, 2022.

## GROUNDS FOR REMOVAL

4. A defendant may remove any civil action brought in a state court for which the District Courts of the United States have original jurisdiction to the federal district court encompassing the

place in which the action is pending. 28 U.S.C.S § 1441(a). Pursuant to 28 U.S.C.S § 1332(a), this Court has original jurisdiction over this case by reason of diversity of citizenship and the amount in controversy, which exceeds $75,000, exclusive of interests and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP IS PRESENT

5. As of the date of this Notice of Removal, there exists complete diversity of citizenship between Plaintiffs and Defendants.

6. According to Plaintiffs' Petition, Plaintiffs are citizens of Texas, residing in Hidalgo County. *See* Exhibit A: Petition, at ¶ 1.

7. When evaluating diversity jurisdiction, a corporation is considered domiciled where it is incorporated and where it has its principal place of business. *See* 28 U.S.C.S. 1332(c)(1).

8. C&G Transport, Inc., n/k/a Continental Trucking, Inc., is foreign corporation organized and existing under the laws of the State of Florida with its principal place of business at 2565 Davenport Circle, Kissimmee, Florida 34746. (See, Exhibit B.)

9. Javier Vera is, and was at the time of the filing of Plaintiffs' Petition, a resident of the State of Florida.

## DEFENDANTS' NOTICE OF REMOVAL IS TIMELY

10. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" (28 U.S.C.S § 1446(b)(1)), and – in cases where federal jurisdiction is based on the diversity of the parties' citizenship – within one year of the initiation of the action (28 U.S.C.S. § 1446(c)(1)).

11. On July 12, 2022, service of the Petition was accepted on Defendants' behalf by undersigned counsel.  Defendants' removal is timely because it has filed this Notice of Removal

4874-9996-1382.1

within thirty days of being served with Plaintiffs' Petition, the first pleading in this matter to name C&G Transport and Javier Vera as defendants, and within one year of, when this action was initiated.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13. The amount-in-controversy requirement is an "estimate of the amount that will be put at issue in the course of litigation." *See Valdez v. Metro. Prop. & Cas. Ins.*, 867 F. Supp. 2d 1143, 1178 (D.N.M. 2012)(No. CIV 11-0507 JB/KBM), *citing McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Defendants must "affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it possible" that more than $75,000 is in controversy. *McPhail, supra*, at p. 956. It is only the jurisdictional facts that must be proven by a preponderance of the evidence – not the legal conclusion that the statutory threshold amount is in controversy. *Id.* at p. 955.

> The proponent of federal jurisdiction must prove contested *facts*; and because a defendant has no control over the Petition, he cannot put a large sum of money in controversy simply by demanding it, as a plaintiff often can. But once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. If the amount if uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case…

*Id.* at p. 954.

In applying this rule to a situation in which the face of the complaint was silent as to the amount in controversy, the Tenth Circuit approved the solution offered by the Seventh Circuit in *Meridian Security Ins. Co. v. Sadowski* stating:

> [T]he removing defendant, as a proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done— by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] **by reference to the plaintiff's information estimates or settlement demands[;]** or by introducing evidence, in the

form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant.)

*McPhail*, 429 P.2d at 954 (quoting *Meridian Security*, 441 F.3d 536, 540-41 (7th Cir. 2006) (emphasis added).

If the defendant meets the initial burden to establish, by a preponderance of the evidence, "jurisdictional facts that ma[k]e it possible that $75,000 [i]s in play," *id*. at 955, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." Id. at 954 (citing *Meridian Security*, 441 F.3d at 540-43). "If the amount is uncertain that there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id*. Additionally, the United States Supreme Court clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. See *Graham v. Troncoso*, 2015 WL 1566433, at *6 (D.N.M. Mar. 30, 2015 (citing *Dart Cherokee Basin Operating C. v. Owen*, 135 S.Ct. 547, 554 (2014)). The district court should consider outside evidence to find whether the amount in controversy requirement is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegations." *Id*.

8. Here, the jurisdictional amount in controversy is satisfied because on June 23, 2021, Plaintiffs demanded that Defendants settle this matter for an amount in excess of $75,000 to each individual Plaintiff. To protect the confidentiality of the settlement demands, Defendants are not attaching the settlement demand packets to this Notice of Removal. If the Court wishes to review the three individual settlement demands in Defendants' possession, undersigned counsel will provide a copy for the Court's review.

9. While Defendants dispute the value Plaintiffs attach to their claims and disputes any liability, Plaintiffs' three settlement demands satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a).

## DEFENDANTS HAVE COMPLIED WITH ALL REMOVAL PROCEDURES

10. Defendants have complied with the procedural requirements for removal set forth in 28 U.S.C.S. § 1446. As noted above, in accordance with 28 U.S.C.S. § 1446(b)(1), the notice of removal was timely filed within 30 days after Defendants accepted service of Plaintiffs' Petition naming Defendants as defendants to this suit.

11. The United States District Court, District of New Mexico, encompasses the Third Judicial District Court, Dona Ana County, New Mexico, the county in which the state court action is now pending, and this is the proper venue to which to remove this action pursuant to 28 U.S.C.S. § 1441(a).

12. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Notice of Removal, Defendants will provide written notice of this Notice of Removal to Plaintiffs and file a copy of this Notice with the clerk of the State Court of the Third Judicial District Court, Dona Ana County, New Mexico.

13. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C.S. § 1446(a).

14. Pursuant to D.N.M. LR-CIV 81-1(a), Defendants will submit copies of the records and proceedings from the state court action within twenty-eight (28) days of the filing of this Notice of Removal.

WHEREFORE, Defendants Javier Vera and C&G Transport, Inc., prays that the above-entitled action be removed from the State of New Mexico Third Judicial District Court to this Court.

Respectfully submitted:

/s/Stephen D. Hoffman
Stephen D. Hoffman
Erin Chavez
Lewis Brisbois Bisgaard & Smith LLP
8801 Horizon Blvd. NE, Suite 300
Albuquerque, NM 87113
T:505.545.8305
F: 505.828.3900
Stephen.Hoffman@lewisbrisbois.com
Erin.Chavez@lewisbrisbois.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing *Notice of Removal* was filed via the CM/ECF filing system on this 29th day of July, 2022 and a courtesy copy was provided to all counsel of record:

Connie J. Flores
FLORES TAWNEY ACOSTA, PC
1485 N. Main St., Suite B
Las Cruces, NM 88001
Phone: 575-222-1000
cflores@ftalawfirm.com

Rafael De La Garza, III
DE LA GARZA LAW FIRM
4919 S. Jackson RD.
Edinburg, TX 78539
Phone: 956-533-1426
rafael@dlgrlaw.com
*Attorneys for Plaintiff*

/s/Stephen D. Hoffman
Stephen D. Hoffman

4874-9996-1382.1