# EXHIBIT A

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
5/4/2022 1:29 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Lonna Pierce

STATE OF NEW MEXICO
THIRD JUDICIAL DISTRICT COURT
COUNTY OF DONA ANA

| | | |
|---|---|---|
| ARMANDO ESCAMILLA, IRMA ISELA ESCAMILLA, AND ISELA ESCAMILLA, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | NO. __D-307-CV-2022-00638__ |
| v. | ) | Fitch, Casey B. |
| JAVIER VERA AND C & G TRANSPORT, INC. D/B/A "C & G TRANSPORT," | ) ) ) ) | |
| *Defendants.* | ) | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs, ARMANDO ESCAMILLA, IRMA ISELA ESCAMILLA, and ISELA ESCAMILLA (hereinafter, "Plaintiffs") and hereby file this, Plaintiffs' Original Petition, complaining of Defendants, JAVIER VERA (hereinafter, "Defendant Vera") and C&G Transport, Inc. d/b/a "C&G Transport" (hereinafter, "Defendant C&G Transport"), and in support thereof would state the following:

### I. PARTIES

1.   Plaintiffs, ARMANDO ESCAMILLA, IRMA ISELA ESCAMILLA, and ISELA ESCAMILLA are individuals residing in Hidalgo County, Texas.

2.   Defendant JAVIER VERA is a non-resident of New Mexico who has subjected himself to the jurisdiction of the courts of this state pursuant to NMSA 38-1-16 and may be served with personal service at is an individual who may be served with process at 1059 Aspri Way Palm Beach, Florida, or wherever he may be found.

3.   Defendant C&G Transport is foreign limited liability company doing business in Dona Ana County, New Mexico, however Defendant has not designated a person as its statutory

agent upon whom service of process can be made, therefore, the Secretary of State is the agent for service of process on such non-resident. Service of process may be had in accordance with 38-1-6 NMSA by serving the New Mexico Secretary of State, New Mexico Capitol Annex North, 325 Don Gaspar, Suite 300, Santa Fe, New Mexico 87501, who shall then forward a copy of this petition upon Defendant, through its registered agent may be served with process by serving, William Garcia at 707 SW Arcona Rd. Port Saint Lucie, FL 34953.

## II.      JURISDICTION & VENUE

4. The incident made the basis of this lawsuit occurred as a result of a motor vehicle accident that occurred due to Defendants' negligence in Dona Ana County, New Mexico. Jurisdiction is proper in this court in the State of New Mexico based on the facts alleged herein, because the damages claimed herein are within the Court's jurisdictional limits. Venue is proper in this court because a substantial part of the events or omissions giving rise to the claim occurred in Dona Ana County, New Mexico pursuant to NMSA 1978, Section 38-3-1.

## III.      FACTS

5. On June 6, 2021, Defendant Vera was operating a 1993 Peterbilt Motors Co. tractor-trailer owned by Defendant C&G. Defendant Vera was traveling eastbound on Interstate 10 in Las Cruces, Dona Ana County, New Mexico.

6. On the same date and time, Plaintiffs were traveling Westbound on Interstate 10 in Las Cruces, Dona Ana County, New Mexico.

7. While Defendant Vera was operating the tractor-trailer, the rear trailer axle broke off with the tire while in motion. The trailer axle/tire combination suddenly crossed the median dividing traffic and flung towards oncoming traffic. The axle/tire subsequently hit the guardrail on the right shoulder, leaving marks, before ricocheting towards the Plaintiffs' vehicle.

8. Plaintiff Armando Escamilla unsuccessfully attempted to avoid impact with the axle/tire such that the axle/tire violently impacted the front end of Plaintiffs' vehicle, causing all airbags within Plaintiffs' F-150 Ford truck to immediately deploy. The axle/tire landed on the street below the bridge on the shoulder.

9. Officer Sergio Elias investigated the motor vehicle collision on June 6, 2021 and concluded that Defendant Vera was responsible for the crash which forms the basis of this suit. Officer Sergio Elias issued a citation to Defendant Vera. Officer Elias did not assign contributing factors to the incident to any other units and/or drivers involved in the subject collision.

10. Defendant Vera failed to maintain a proper lookout and control his speed, causing him to strike Plaintiffs' vehicle, which resulted in the Plaintiffs' injuries. At all times material to this lawsuit, Defendant Vera was operating the tractor-trailer combination for Defendant C&G Transport as its employee and was acting within the course and scope of his employment with Defendant C&G Transport at the time of this incident. At all times material to this lawsuit, Defendant Vera was operating a tractor-trailer entrusted to him by Defendant C&G Transport.

11. The incident was unexpected and occurred with significant force, proximately causing Plaintiffs to suffer painful personal injuries. Plaintiffs' injuries and medical treatment were proximately caused by the incident on June 6, 2021.

### IV. FIRST CAUSE OF ACTION: NEGLIGENCE OF DEFENDANT JAVIER VERA

12. Plaintiffs replead the foregoing factual allegations as if here quoted verbatim and set forth herein at length. Defendant Vera owes duties of ordinary care to Plaintiffs and other motorists on the roadway. Defendant Vera's conduct as outlined above breached those duties through various acts and / or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of

the occurrence in question and the resulting injuries or damages set forth herein:

   a) In failing to maintain proper control of his vehicle;

   b) In failing to maintain a proper lookout;

   c) In failing to properly operate motor vehicle in the safe manner;

   d) In failing to properly maintain the tractor-trailer in a safe operational condition;

   e) In failing to maintain the vehicle to the minimal standard of safety;

   f) In failing to exercise due care in order to avoid the incident in question;

   g) In failing to conduct a pre-trip inspection of the vehicle;

   h) In failing to take proper evasive action; and/or

   i) Other acts of negligence and/or negligence per se.

   j) In failing to sound his horn to warn of said collision; as would a person using ordinary care under the same or similar circumstances; and

   k) The acts of negligence will be shown at the trial of this matter.

   13. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiffs suffered personal injuries and resulting damages in an amount to be determined at trial.

## V. SECOND CAUSE OF ACTION: RESPONDEAT SUPERIOR

   14. The collision made the basis of this lawsuit resulted from the negligent conduct of Defendant Vera.

   15. Defendant C&G Transport was the owner and/or lessor of the tractor-trailer being driven by Defendant Vera. At all times material to this lawsuit, Defendant C & G Transport was the employer of Defendant Vera under New Mexico law and applicable motor carrier safety regulations, and Defendant Vera was acting in the course and scope of that employment with Defendant C&G Transport. Consequently, Defendant C&G Transport is vicariously liable to

Plaintiffs under the theory of respondeat superior.

16. Pursuant to statutory employment doctrine, Defendant C&G Transport was the registered owner of the vehicle driven by Defendant Vera. As Defendant Vera was operating under Defendant C&G Transport's authority, Defendant C&G Transport was the statutory employer of Defendant Vera and is therefore liable to Plaintiffs for the negligent conduct of Defendant Vera.

## VI. THIRD CAUSE OF ACTION: NEGLIGENT ENTRUSTMENT OF DEFENDANT C&G TRANSPORT

17. Plaintiffs replead the foregoing factual allegations as if here quoted verbatim and set forth herein at length. On the date of the incident complained of herein, Defendant C&G Transport entrusted its vehicle to Defendant Vera, an incompetent driver. Defendant C&G Transport knew or should have known that Defendant Vera was incompetent. As described above, Defendant C&G Transport's acts and omissions on the date of the collision constituted negligence and were the proximate cause of Plaintiffs' injuries. The conduct of Defendant C&G Transport constitutes negligence and/or negligence *per se* as those terms are known in the law. Such negligent acts or omission include the following:

    a) Hiring and/or retaining Defendant Vera whom it knew or should have known was a reckless or incompetent driver;

    b) Allowing Defendant Vera to operate its truck even though it knew or should have known he was a reckless or incompetent driver;

    c) Entrusting a vehicle to Defendant Vera, for the purpose of operating it on the public

    d) Streets and highways of New Mexico, even though it knew or should have known he was a reckless or incompetent driver;

    e) Failing to ensure that its vehicle would be driven properly;

    f) Failing to properly train Defendant Vera in the safe operation of a motor vehicle;

g)   Failing to properly supervise Defendant Vera with his driving activities;

h)   Failing to properly maintain the vehicle in a safe operational condition;

i)   Failing to maintain the vehicle to the minimal standard of safety;

j)   Failing to establish and enforce safety rules and regulations;

k)   Failing to properly educate, instruct and supervise in the performance of his duties;

l)   Failing to adequately train, educate, or provide instructions and orders to persons;

m)   Failing to provide proper safety manuals and instructions to employees responsible for the safety of other drivers;

n)   Failing to properly secure and track its equipment;

o)   Failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment; and/or

p)   Other acts of negligence and/or negligence per se.

## VII.   DAMAGES

18.   As a direct and proximate result of the collision making the basis of this lawsuit, Plaintiffs suffered and will in all reasonable probability continue to suffer the following actual damages, the dollar value of which exceeds the minimal jurisdictional limits of this Court:

a)   Medical treatment paid or incurred in the past;

b)   Medical treatment which will be necessary in the future;

c)   Past and future pain and suffering;

d)   Past and future mental anguish;

e)   Physical disfigurement; and

f)   Past and future impairment.

19. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiffs sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

20. Consequently, Plaintiffs respectfully requests that the trier of fact determine the amount of their damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include the following:

    a) Past, present, and future physical pain and mental anguish;

    b) Past, present, and future disfigurement;

    c) Past, present, and future physical impairment;

    d) Past, present, and future medical care and related expenses;

    e) Past, present, and future out-of-pocket economic losses; and

    f) Exemplary or punitive damages.

21. Because of all of the above and foregoing, Plaintiffs have suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiffs now bring suit.

## VIII.  JURY DEMAND

22. Plaintiff respectfully requests trial by jury of the issues in this case.

## IX.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that citation be issued, and Defendants be served, and upon trial on the merits, the Court consider this petition and find the Defendants liable as requested in this petition for actual damages, together with pre-judgement interest, post-judgement interest, and court costs. Plaintiffs further pray for any other relief at law or in equity to which he may be found entitled.

a) Judgment against Defendants for Plaintiffs' damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

b) Interest on said judgment at the legal rate from the date of judgment until paid;

c) Pre-judgment/Post-judgment interest at the maximum amount allowed by law;

d) Costs of court; and;

e) Such other and further relief, general and special, to which Plaintiff may be entitled, either at law or in equity.

Respectfully Submitted,

**FLORES TAWNEY ACOSTA, P.C.**

*/s/ Connie J. Flores*
**CONNIE J. FLORES**
New Mexico State Bar No. 26531
1485 N. Main Street, Suite B.
Las Cruces, New Mexico 88001
Telephone: 575-222-1000
Facsimile: 575-652-4752
Email: cflores@ftalawfirm.com

**DE LA GARZA LAW FIRM**

*/s/ Rafael de la Garza*
**RAFAEL DE LA GARZA, III**
Texas State Bar No. 24076343
4919 S. Jackson Rd.,
Edinburg, Texas 78539
Telephone: 956-533-1426
Facsimile: 956-284-0518
Email: rdlglaw@gmail.com
(subject to *Pro Hac Vice* petition)

ATTORNEYS FOR PLAINTIFFS
ARMANDO ESCAMILLA, IRMA ISELA
ESCAMILLA, AND ISELA ESCAMILLA

**IMPORTANT NOTICE TO DEFENDANTS:**

**YOU MUST DELIVER THIS PETITION IMMEDIATELY TO YOUR INSURANCE COMPANY.**