UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ARMANDO ESCAMILLA, IRMA ISELA
ESCAMILLA, and ISELA ESCAMILLA,

    Plaintiffs,

v.                                                                                                  Civ. No. 22-564 JCH/GJF

JAVIER VERA and C & G TRANSPORT,
INC. *d/b/a* "C & G TRANSPORT,

    Defendants.

## ORDER FOR RULE 35 EXAMINATION AND
## ORDER EXTENDING DISCOVERY DEADLINES

THIS MATTER is before the Court on Defendants' (1) Motion to Compel Plaintiff Irma Isela Escamilla to Submit to a Rule 35 Examination [ECF 32] ("Motion to Compel") and (2) Motion to Extend Defendants' Expert Disclosure Deadline and Related Case Management Deadlines [ECF 31] ("Motion to Extend"). The motions request that the Court (1) "compel[ ] Plaintiff Irma Isela Escamilla to submit to a neuropsychological examination ('IME') . . . by Dr. Noah K. Kaufman, Ph.D., ABN, ABPdN, ABPP [in Las Cruces, New Mexico]," ECF 32 at 1, and (2) extend the discovery deadlines to "accommodate the proposed independent neuropsychological evaluation," ECF 31 at 1. As discussed below, the Court finds the motions to be well-taken and will **GRANT** them.

I.    **BACKGROUND**

    Defendants make the following representations:

    This case arises out of an accident where Ms. Escamilla claims to have suffered physical and emotional injuries. She now also asserts neuropsychological injury. A Rule 35 examination is appropriate because Plaintiff has placed her mental state directly in controversy in this case. . . . The purpose of the examination is to get an independent report on the Plaintiff's condition. . . . In this case, the need for the IME is particularly significant because Ms. Escamilla has no treating physicians on

her neuropsychological claims.  Rather, she obtained her own "independent examination" by Dr. Cynthia Cavazos-Gonzales, Ph.D [which included an 'April 30, 2023 Neuropsychological Evaluation report']. It is only fair for the defense to have the same opportunity.

ECF 32 at 1–2. Defendants further represent that "Dr. Cavazos-Gonzales has diagnosed Ms. Escamilla with specific neuropsychological injuries, including post-concussional disorder due to closed head injury and posttraumatic stress disorder as a result of the subject accident"—but that "[n]owhere in [the disclosed] medical records does Ms. Escamilla allege a neuropsychological injury," as she instead "reported '[n]o anxiety or depression.'" ECF 36 at 2–4; *see also id.* at 5–7 (further asserting that "Ms. Escamilla has failed to show that traveling to her IME [in Las Cruces] poses undue burden or hardship"—particularly as "Plaintiffs originally brought suit in the Third Judicial District Court, Dona Ana County, which encompasses Las Cruces, New Mexico").[1]

Plaintiffs argue that the Court should deny Defendants' IME request because Defendants have not "show[n] that it is impossible to obtain the desired information through other less-intrusive avenues"—such as "from Dr. Cavazos-Gonzalez' expert report, or from deposing her." ECF 35 at 3–5 (also suggesting that Defendants "do not seek any new information, but only to confirm that Plaintiffs' experts were correct in their findings"). Although Plaintiffs acknowledge "the general rule . . . that a plaintiff who brings suit in a particular forum may not avoid appearing for an examination in that forum," they assert that travelling to Las Cruces would be "unduly burdensome" because of (1) "the cost of travelling" (which Plaintiffs estimate at $1,089.92) and (2) the "significant pain [Ms. Escamilla experiences] when she sits for long periods of time," such as when travelling by car for "24 hours to New Mexico (round trip)." *Id.* at 5–6 (quotation and alteration omitted).

---

[1] *See also* ECF 32 at 2 (representing that Defendants' counsel reached out to Plaintiffs' counsel four times between June 9–16, 2023, regarding their IME request but received no response).

## II.   DISCUSSION

> Rule 35 of the Federal Rules of Civil Procedure provides that:
>
> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).  Thus, "[t]o obtain a court's order for an independent medical examination ('IME'), the party seeking the exam must show that 'the mental or physical condition' of the party who is to be examined 'is in controversy,' and that there is 'good cause' for the examination." *Herrera v. Lufkin Indus.*, 474 F.3d 675, 689 (10th Cir. 2007) (quoting Fed. R. Civ. P. 35(a)) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 117–18 (1964)).

The Court finds that, in light of Plaintiffs' May 15, 2023, expert designation of Dr. Cavazos-Gonzales—including her diagnosis of neuropsychological injuries resulting from the accident—Plaintiffs have placed Ms. Escamilla's mental condition "in controversy." Fed. R. Civ. P. 35 (a)(1).  The Court further finds that Defendants have shown "good cause" to require Ms. Escamilla to appear for a neuropsychological examination with Dr. Kaufman in Las Cruces.  Fed. R. Civ. P. 35 (a)(2).  As noted, Plaintiffs not only brought this suit in New Mexico, they have also employed the services of an expert to place Ms. Escamilla's mental condition directly in controversy.  Defendants thus deserve a meaningful opportunity to contest the findings and opinions of Plaintiffs' expert—particularly by having an expert of their choosing examine Ms. Escamilla regarding these newfound neuropsychological injuries.  Lastly, although travelling to Las Cruces, New Mexico, from San Juan, Texas, may not be convenient, the Court finds that it is not so burdensome as to excuse Ms. Escamilla from appearing at such an exam to assess the veracity of her newly alleged injuries.  The Court will thus Grant Defendants' Motion to Compel

and extend the requested discovery deadlines to accommodate the independent neuropsychological evaluation.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel [ECF 32] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Irma Isela Escamilla shall, as directed in Defendants' Notice of Independent Medical Examination [ECF 32 at 6–7], appear at the offices of Noah K. Kaufman, Ph.D., ABN, ABPdN, ABPP, 1188 West Hadley, Las Cruces, New Mexico 88005, on **August 2, 2023, at 9:00 a.m. MDT**, to undergoing an independent neuropsychological evaluation.

**IT IS FINALLY ORDERED** that Defendant's Motion to Extend [ECF 31] is **GRANTED**. The Court's scheduling order [ECFs 14, 27] is therefore **AMENDED** as follows:

(1) Defendants' expert disclosure deadline is extended to **August 15, 2023**.

(2) The termination date for discovery is extended to **October 2, 2023**.

(3) The deadline for discovery motions is extended to **October 16, 2023**.

(4) The pretrial motions deadline is extended to **October 30, 2023**.

(5) Plaintiffs shall still submit a proposed pretrial order to Defendants no later than **45 days** after the later of either (a) the pretrial motions deadline, if no dispositive motions have been filed; or (b) the date on which the presiding judge resolves the last remaining dispositive motion, if any dispositive motions have been filed. Defendants shall submit a consolidated final pretrial order to the Court no later than **14 days** after receiving Plaintiffs' proposed pretrial order.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE